MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
SAHARA ABDI,

                       Plaintiff,

      vs.

                                        No. 05 CV 2741 (LDW) (MLO)

BROOKHAVEN SCIENCE ASSOCIATES, LLC
a/k/a and/or d/b/a BROOKHAVEN NATIONAL
LABORATORY; PETER BOND, in his individual
and official capacities; ANDREW FERGUSON, in
his individual and official capacities; MARTIN
GORMEZANO, in his individual and official
capacities; and FRANK QUARANT, in his
individual and official capacities,

                       Defendants.
------------------------------------------------------------- X

## STIPULATION AND ORDER OF CONFIDENTIALITY

WHEREAS, in the interest of facilitating the just, speedy and inexpensive determination of the above-captioned action and in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the discovery process;

**NOW THEREFORE, IT IS HEREBY AGREED** as follows by and between Plaintiff Sahara Abdi ("Plaintiff"), and Defendants Brookhaven Science Associates (the "Company" or "BSA"), and Peter Bond, Andrew Ferguson, Martin Gormezano and Frank Quarant (collectively, the "Individual Defendants") (collectively with the Company, "Defendants"):

1-NY/2115821.1

"Confidential Material" shall include the documents or other material identified as such in accordance with Paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in Paragraphs 6-11 of this Confidentiality Agreement.

"Action" or "this action" shall refer to the above-captioned action in the United States District Court, Eastern District of New York, and any related proceedings, including any appellate proceedings relating thereto, and no other action, proceeding or matter.

1. Any party may designate in writing as Confidential Material, and subject to this Confidentiality Agreement, any document or material which is either produced during discovery proceedings in this matter and/or generated by a party in this matter, and which constitutes or contains: (i) proprietary, trade secret or sensitive business information (including, without limitation, financial information and/or internal policies, practices or procedures) or any extracts or summaries thereof; or (ii) personal or personnel information including, but not limited to, personnel files, performance evaluations, salary and compensation information, employment applications, home addresses and home telephone numbers, or any extracts or summaries thereof. Any party may designate as Confidential Material, and subject to this Confidentiality Agreement, documents produced in this matter by any non-party pursuant to subpoena or otherwise.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. Documents and other discovery materials may be designated as Confidential Material as follows: (i) by affixing a legend so indicating to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as Confidential Material;

(iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with respect to oral testimony, in accordance with the procedures set forth in Paragraph 4 below.

4. Any party may designate any portion of any person's deposition testimony in this or any related proceeding (including exhibits), if any, whether or not previously designated as Confidential Material, as Confidential Material by advising the reporter and all parties of such fact on the record during the deposition, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules.

5. All Confidential Material shall be used only for the purposes of this matter and shall not be used for any other purpose except upon consent of the designating party or order of the Court hearing this matter, unless the Confidential Material was obtained lawfully and independently of the designating party.

6. Confidential Material shall be held in confidence and shall not be revealed, discussed or disclosed in any manner, in any form, to any person or entity other than:

    (a) the Court hearing this matter;

    (b) counsel for any party retained in or working on the prosecution, defense or settlement of this matter, including co-counsel and counsel employed directly by any party;

    (c) employees of counsel and persons assigned to assist counsel in the prosecution, defense or settlement of this matter;

    (d) individual parties, and any director, officer or employee of any party to this matter, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this matter; and

    (e) witnesses and consultants (and potential witnesses and consultants), including experts, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this matter.

7. In the event of a dispute between counsel regarding the scope of Confidential Material, counsel agree to meet promptly to review and attempt to resolve informally issues

centering on Confidential Material. If no agreement can be reached as to the disputed designation, that dispute shall be submitted to the Court for resolution. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

8. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

9. A producing party may notify the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated, and may, at that time, designate such documents as confidential in accordance with Paragraph 3 of this Confidentiality Agreement.

10. If Confidential Material in the possession of any party is responsive to any subpoena or any other form of compulsory process of the Court or any administrative or legislative body, or if any other persons or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall notify the producing party in writing within five (5) business days of receipt of such process or inquiry, so as to permit the producing party to seek a protective order from the Court.

11. The parties agree to confer in good faith in advance of (i) filing with the Court of any motion or other pleading including or attaching Confidential Material; and/or (ii) seeking to introduce Confidential Material as evidence in the trial of this action, in order to address the protection of the confidentiality of such material. In such event, if the parties cannot reach agreement, they shall submit the issue to the Court for resolution. Pending the Court's resolution of such issues, the parties shall not introduce such Confidential Material.

12. Upon final termination of this action, whether by settlement, dismissal, or other disposition, a party producing Confidential Material may request the return or destruction of all such material and any material derived or generated from such material.

13. Producing or receiving Confidential Material or otherwise complying with the terms of this Agreement shall not:

  (a) Affect or restrict the rights of any party with respect to its own documents;

  (b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

  (c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Agreement;

  (d) Prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as Confidential Material should be so designated and subject to the terms of this Agreement;

  (e) Prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly Confidential Material;

  (f) Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material.

14. Either party may apply to the Court for relief from the terms of this Confidentiality Agreement, or for greater protection for discovery, after first meeting with the other parties in an attempt to resolve the issue informally.

**STIPULATED, AGREED AND CONSENTED TO THIS 29 DAY OF DECEMBER, 2006.**

| LAW OFFICES OF TRISTAN C. LOANZON | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By: /s/ Tristan C. Loanzon<br>Tristan C. Loanzon<br>Seven Penn Plaza, Suite 312<br>New York, New York 10001<br>(212) 760-1515 | By: /s/ Amanda N. Slatin<br>Christopher A. Parlo<br>Amanda N. Slatin<br>101 Park Avenue<br>New York, New York 10178<br>(212) 309-6000 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED:

_____
Honorable Michael L. Orenstein,
Chief Magistrate Judge, E.D.N.Y.